IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC G. ANDIKA, #1292358,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:10-CV-2428-K (BK) |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. For the reasons set out below, the Court recommends that the petition be dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The Court did not issue process pending preliminary screening.

A jury convicted Petitioner of escape, and the trial court assessed an enhanced sentence of forty-five years' imprisonment. *State v. Andika*, No. 29,543 (13th Dist. Court, Navarro County, 2004), *aff'd*, 2005 WL 1484050 (Tex. App., Waco Jun. 22, 2005, no pet.) (unpublished). Petitioner then sought state habeas relief under Tex. Code of Crim. Proc. art. 11.07. On May 2, 2006, he filed his first state application (or writ), which the TCCA dismissed June 28, 2006, pursuant to a motion to dismiss. *See Ex parte Andika*, No. 64,876-01 (Tex. Crim. App. 2006).

On May 13, 2010, Petitioner filed a second state application, which the TCCA denied by written order on August 25, 2010. *See Ex parte Andika*, No. 64,876-02 (Tex. Crim. App. 2010). On October 6, 2010, Petitioner filed a third state application, which the TCCA dismissed as successive on November 10, 2010.[1]

On November 30, 2010, Petitioner filed the federal petition presently at issue. In his sole ground, he alleges trial counsel rendered constitutionally ineffective assistance when he requested that Petitioner be restrained in front of the jury throughout the trial.[2]

## II. ANALYSIS

A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order on December 14, 2010.

In this case, the one-year limitations period is calculated from the latest of "the date on

---

[1] The Court obtained the date of filing of the state writs telephonically through the Navarro County District Clerk's Office, and confirmed the remaining dates on the basis of docket sheets available on the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on November 23, 2010, the date Petitioner signed it and presumably handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(A) and (D). Subsections 2244(d)(1)(B)-(C) are inapplicable.[3]

1. Judgment Became Final

Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final under section 2244(d)(1)(A) on July 22, 2005, thirty days after the judgment was affirmed. *See* Tex. R. App. Proc. 68.2(a) (PDR must be filed within thirty days of either date on which judgment is affirmed, or last timely motion for rehearing is overruled by the court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006) (conviction final thirty days after judgment was affirmed because no PDR). As of the filing of the first state habeas application on May 2, 2006, 283 days of the one-year limitations period had elapsed. That application remained pending until its dismissal on June 28, 2006, during which time the one-year period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998). The one-year period resumed running on June 29, 2006, and expired eighty-two days later on September 18, 2006. Petitioner signed and mailed his federal petition in November 2010, more than four years after the one-year period elapsed. Therefore, his federal petition is clearly untimely under section 2244(d)(1)(D) absent equitable tolling.

2. Factual Predicate of Claim

In response to the order to show cause, Petitioner alleges that, on an unspecified date after

---

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does he base his grounds on any new constitutional right under subparagraph (C).

3

the dismissal of his first state application, he requested a copy of the trial court's findings of fact and conclusions of law and learned for the first time that trial counsel had requested the trial court to keep petitioner in restraints throughout the trial. (Doc. #4 at 1-2.) According to Petitioner, this discovery became the basis for his ineffective assistance of counsel claim alleged in the federal petition.

To the extent Petitioner seeks to rely on section 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," his claim lacks merit. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Moreover, the petitioner bears the burden of establishing the applicability of section 2244(d)(1)(D), including his due diligence. *Norrid v. Quarterman*, 2006 WL 2970439, 1 (N.D. Tex. 2006) (McBride, J.).

Here, Petitioner cannot satisfy his burden of proving that he exercised due diligence in searching for the factual predicate of his ineffective assistance claim. His vague, conclusory assertion that he discovered the basis of his claim by requesting, on an unspecified date, a copy of the state court's findings of fact and conclusions of law does not demonstrate due diligence. (Doc. 4.) Moreover, in its opinion affirming his conviction on June 22, 2005, the state appellate court reflected that the trial judge's decision to keep Petitioner in restraints was based, at least in part, on defense counsel's statements during a pre-trial conference in the judge's chamber. *See State v. Andika*, 2005 WL 1484050, *1-3 (Tex. App., Waco Jun. 22, 2005, no pet.) (unpublished). That opinion put Petitioner on notice of trial counsel's involvement in the

decision to restrain him during trial. Therefore, Petitioner cannot satisfy his burden of establishing that the factual basis of his claims could not have been discovered through the exercise of due diligence within the one-year limitations period. *See Norrid*, 2006 WL 2970439, *1 (apart from his conclusory statements, Petitioner failed to meet his burden of establishing that the factual basis of his grounds "could not have been discovered by him, through the exercise of due diligence, within the one-year limitations period"). Accordingly, Petitioner is not entitled to an extension of the one-year period under section 2244(d)(1)(D).

B. <u>Equitable Tolling</u>

In light of Petitioner's *pro se* status, the Court liberally construes his pleadings to raise equitable tolling. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010) (because the AEDPA one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases with due diligence and extraordinary circumstances). His pleadings confirm Petitioner did not act with due diligence, squandering the *entire* one year period. *See*

*Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue "process with diligence and alacrity"). While Petitioner claims the dismissal of his first writ "was based on a mysterious letter to dismiss," he concedes receiving notice of the dismissal. In any event, Petitioner delayed over three years and ten months between the dismissal of his first state application and the filing of his second writ. His lack of due diligence did not end here. Following the denial of his second state application, Petitioner unsuccessfully sought review through a successive state application, further delaying disposition of his state writ.

Petitioner's pleadings, even when liberally construed, fail to explain the lengthy delays in his case. Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Nor does Petitioner's *pro se* status and unfamiliarity with the law suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Clearly Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). Therefore, the

District Court should dismiss the petition as time barred.

## III.  RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** the petition for a writ of habeas corpus as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

SIGNED January 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE